# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ENOOCH LACEY
also known as "Black"

**RECEIVED** JUN 16 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED** JUN 2 0 2006

CASE NUMBER: 06CR 0448

MAGISTRATE JUDGE NOLAN

CRIMINAL COMPLAINT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __June 15, 2006__ in __Cook__ county, in the __Northern__ District of __Illinois__ defendant(s) did, (Track Statutory Language of Offense)

> having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possess a firearm, in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to defendant's possession of the firearm, namely, an Intratec Model AB-10, 9 mm, semi-automatic pistol, bearing serial number A020913;

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am a(n) __Special Agent, Drug Enforcement Administration__ and that this complaint is based on the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof:  _X_ Yes  ___ No

**FILED** JUN 16 2006
Jun 16 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

X _____
Jeffrey Konkalinka, Special Agent, DEA

Sworn to before me and subscribed in my presence,

June 16, 2006                                at          Chicago, Illinois
Date                                                     City and State

Nan R. Nolan, U.S. Magistrate Judge          _____
Name & Title of Judicial Officer              Signature of Judicial Officer

STATE OF ILLINOIS   )
                    )
COUNTY OF COOK      )

## AFFIDAVIT

I, JEFFREY KONVALINKA, Special Agent, Drug Enforcement Administration (DEA), being duly sworn according to law, deposes and says the following:

1. I am currently employed as a Special Agent with the DEA, and I have been so employed for approximately four years. Prior to my employment with DEA, I was employed for approximately twelve years with the Peoria County Sheriff's Department. Through my training and experience, I know that it is a violation of Title 18, United States Code, Section 922(g)(1), for any person knowingly to possess a firearm in or affecting interstate commerce after having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. I have also received training in the identification of firearms that have traveled in interstate commerce, and my duties at DEA include investigating violations of federal law, including federal firearms laws.

2. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a complaint charging ENOOCH LACEY, also known as "Black," with violating Title 18, United States Code, Section 922(g)(1). The Affidavit therefore does not contain every fact and detail known to me and others about the investigation. The information in this Affidavit is based on information

1

given to me by DEA ██cial Agents and other law enforceme██ officers.

3. On or about June 15, 2006, Chicago Police Department Narcotics Officer, acting in an undercover capacity ("UC"), met with LACEY for the purposes of negotiating an exchange of narcotics for weapons. The meeting was consensually recorded via both video and audio.

4. The UC and LACEY had several discussions and meetings, which were consensually recorded, prior to the face to face meeting on June 15, 2006.

5. At 10:06 a.m. on June 15, 2006, the UC placed a call to LACEY. The UC asked to speak to "Black," and the person who answered stated that he was Black. During the conversation, it was agreed that LACEY would provide seven "carburetors" in exchange for two "hammers." The UC understood "carburetor" to mean narcotics and "hammer" to mean assault rifle. The UC told LACEY that he would be ready to meet in two hours at the spot, which the UC understood to mean a Home Depot parking lot at 1919 North Cicero, Chicago, Illinois. LACEY told the UC in a later conversation that he needed more time to get the stuff together.

6. At approximately 2:30 p.m., June 15, 2006, LACEY and the UC met at the Home Depot parking lot. LACEY gave the narcotics to the UC while both were seated in the UC's vehicle. The UC then reached down and grabbed the green bag that contained two weapons: (1)an Armalite A/R- 180, Caliber 5.56 mm, semi-automatic assault rifle with an 18-inch barrel with a folding stock, bearing serial number 23150, and a 30-round magazine and (2) an Intratec Model

AB-10, 9 mm, semi-automatic pistol, bearing serial number ██20913, and a 30-round magazine. The UC then placed the bag between himself and LACEY, opened it up and displayed the two weapons to LACEY. Then the UC placed the weapons back in the bag. The UC said to LACEY in essence that seven "carburetors" for two "hammers" was a good deal and, LACEY replied "yeah." LACEY then in essence told the UC when he(LACEY) got out of the car to just give it to him (LACEY), the UC understood it to mean the bag with the guns. The UC recognized LACEY's voice to be the voice of "Black" from the earlier conversations.

7.  The UC got out of the back seat of his vehicle and opened the back passenger door to let LACEY out. LACEY then got into his own vehicle. The UC went up to LACEY's vehicle and placed the green bag containing the two weapons in the back seat of LACEY's vehicle. LACEY drove about 50 feet in the direction of the exit of the parking lot where he was apprehended by law enforcement agents and placed under arrest. The green bag containing the weapons were recovered from LACEY's vehicle

8.  I am familiar with the manufacturers of the firearms recovered from LACEY on or about June 15, 2006. The manufacturer of at least the Intratec Model AB-10 have never maintained a manufacturing plant in the State of Illinois.

9.  Based on my review of criminal history records, I have determined that:

3

a. On or about January 23, 2003, in the Circuit Court of Cook County, Illinois, LACEY was convicted of a state felony/use of weapon/firearm, in Case Number 02 CR 17506, and received a sentence of two years' imprisonment.

b. On or about September 13, 2001, LACEY was convicted of a state felony manufacturing/delivery of 1-15 grams of cocaine, in Case Number 01 CR 02467, and received a sentence of six years' imprisonment.

c. On or about January 26, 1999, LACEY was convicted of a state felony manufacturing/delivery of controlled substance, in Case Number 98 CR 12268, and received a sentence of 24 months probation.

10. Based upon the above information, affiant believes LACEY, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER AFFIANT SAYETH NOT.

X _____
JEFFREY KONVALINKA
Special Agent, Drug Enforcement Administration

SUBSCRIBED AND SWORN TO BEFORE ME
June 16, 2006

_____
Nan R. Nolan
UNITED STATES MAGISTRATE JUDGE